UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **KASEY FOREMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:05 CV 427 |
| | ) |
| **LaPORTE COUNTY, MARLOW** | ) |
| **HARMON in his official and** | ) |
| **individual capacity, WILLIAM** | ) |
| **HAGAR in his official and** | ) |
| **individual capacity, and** | ) |
| **BARBARA HUSTON in her official** | ) |
| **and individual capacity,** | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Plaintiff, an employee of the LaPorte County In-House Printing Department, filed this lawsuit on July 15, 2005, alleging that defendants violated her rights under the Family Medical Leave Act of 1993 ("FMLA") and the First and Fourteenth Amendments of the United States Constitution. Defendants moved for summary judgment on both claims on July 7, 2006. For the reasons set forth below, summary judgment is **GRANTED** in part, and **DENIED** in part.

*A. § 1983 Claim*

Plaintiff alleged, pursuant to 42 U.S.C. § 1983, that defendants violated her rights under the First and Fourteenth Amendments by discriminating against her and harassing her on the basis of her political affiliation with the Republican party. Defendants moved for summary judgment and plaintiff conceded in her response that

summary judgment is appropriate as to this claim. Summary judgment as to plaintiff's § 1983 claim is granted.

*B. FMLA Claims*

Plaintiff claims that defendants retaliated against her and harassed her for exercising her rights under the FMLA to take time off to care for her sick family members. Though plaintiff was granted and took FMLA-qualifying leave, plaintiff claims that as a result she was issued letters threatening disciplinary action and termination for insubordination and absenteeism. Plaintiff also alleges that defendants interfered with her attempts to exercise her FMLA rights by penalizing her for taking FMLA-qualifying leave. According to plaintiff, employees who did not miss any days of work for a month earned a day of paid time off. Plaintiff alleges that defendants counted her FMLA-qualifying leave days against her when calculating her attendance, thereby preventing her from earning any extra days of paid time off. Plaintiff claims that this action violates the FMLA provision prohibiting employers from using the taking of FMLA leave as a negative factor in employment actions.

Defendants' contention that summary judgment should be granted as to plaintiff's FMLA claims is legally insufficient. Defendants present no legal theories and cite to no statutes, regulations, or caselaw. Defendants simply argue that plaintiff was never denied leave to care for her sick family members. However, FMLA violations may come in forms other than simply denial of leave. In this case, for example, plaintiff has alleged that defendants retaliated against her and harassed her for exercising her FMLA rights. Additionally, plaintiff has claimed that defendants interfered with her

attempts to exercise her FMLA rights. Because defendants have presented no arguments as to why these allegations fail as a matter of law, summary judgment is denied.

For the foregoing reasons, defendants' motion for summary judgment (docket # 20) is **GRANTED** in part, and **DENIED** in part.

**SO ORDERED.**
**ENTER:** January 24, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT